## L. C. KELLY v. L. McGEHEE ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF FULTON COUNTY.

Argued June 2, 1890—Decided October 6, 1890.

(*a*) A mechanics' lien against L. McG., "owner or reputed owner" and
"C. McG., her husband," averred that the materials were furnished
with her "knowledge and consent, . . . . at her request and the request
of her said husband, for the improvement of her separate estate, . . . . for
and about the erection and construction and upon the credit of the build-
ing," etc.

(*b*) It also averred that she was the owner of the building and of the ground
on which it was erected, and that the materials " so furnished were ac-
tually applied to the improvement of L. McG.'s separate estate, and were
necessary for the use and enjoyment of her separate property : "

1. The said claim contained, either in express terms or by necessary im-
plication, all the averments that were essential to a valid mechanics' lien
against the estate of a married woman ; and, therefore, there was no
error in discharging a rule to show cause why the lien should not be
stricken off: Einstein v. Jamison, 95 Pa. 403.

2. On the trial of the issue in a scire facias upon such lien, while there was
evidence tending to sustain the averments of the plaintiff's claim, yet,
there being evidence in denial thereof, it was clearly the province of the
jury, and not of the court, to consider the testimony and determine the
facts.

Before Paxson, C. J., Sterrett, Green, Clark, Wil-
liams, McCollum and Mitchell, JJ.

No. 7 May Term 1890, Sup. Ct.; court below, No. 131 Jan-
uary Term 1888, C. P.

On January 8, 1887, L. C. Kelly entered against "Laura Mc-
Gehee, owner or reputed owner, and Charles McGehee, her hus-
band, and John A. Snyder, contractor, defendants," a mechanics'
lien in the following form :

"L. C. Kelly, above named, hereby files his claim or state-
ment of demand for seventy-five dollars for materials to wit:
No. 2 white pine shingles, furnished said John A. Snyder, con-
tractor, within six months last past, and against the building
and the ground covered thereby and so much other ground im-

Statement of Facts.

mediately adjacent thereto and belonging to the said Laura Mc-
Gehee, owner or reputed owner, as may be necessary for the
ordinary and useful purposes of the same, and sets forth as fol-
lows, to wit:

"1. The name of the party claimant is L. C. Kelly. The
name of the owner or reputed owner is Laura McGehee. The
name of the contractor, at whose instance and request the work
was done and materials furnished, is John A. Snyder.

"2. The amount claimed to be due is seventy-five dollars for
20,000 white pine No. 2 shingles, at $3.75 per 1000, furnished
to contractor with the knowledge and consent of said Laura
McGehee, at her request and the request of her said husband,
for the improvement of her separate estate, within six months
last past, for and about the erection and construction and upon
the credit of the building hereinafter described, the particular
items, amounts and dates when said materials were furnished,
being specifically set out in the bill hereto annexed and made
part of this claim.

"3. The said building is located on a lot or piece of ground
situate . . . . . The said materials, so furnished, were actually
applied to the improvement of said Laura McGehee's separate
estate, and were necessary for the use and enjoyment of her
separate property.

"Witness the hand of the said L. C. Kelly," etc.

On December 27, 1887, the plaintiff issued a scire facias on
said lien; and, on March 28, 1888, Laura McGehee presented
her petition, alleging in substance that at the time said lien was
filed she was a married woman, and that the lien was defective
and void because it did not allege that she was a married woman
when the materials were furnished and that she was such when
the lien was filed; nor did it allege that the goods were sold
and delivered to her upon her order and contract, that she was
the owner of the land on which the building was erected and had
a separate estate therein; nor, that the materials were furnished
for the improvement of her separate estate; said claim or lien
failing wholly to state the kind of a building erected. Where-
upon, a rule was granted to show cause why the lien should not
be stricken off.

On June 22, 1888, the court, citing Forrester v. Preston, 2
Pittsb. 298, discharged the rule above-mentioned, at the costs
of the petitioner; exception.[1]

### Statement of Facts.

The scire facias was then put at issue upon special pleas filed by the defendants, averring (1) the coverture of Laura McGehee; (2) that the materials set out in the plaintiff's claim were not furnished upon her order and contract and by her authority and with her consent; and (3) that the claim was defective in that it failed to charge that the alleged improvement was a building necessary for the preservation and convenient use and enjoyment of her separate estate, that the materials therefor were furnished upon her order and contract, upon the credit of her separate estate and building, and that the same were actually used therein.

At the trial on October 11, 1889, evidence was adduced tending to support the claim of the plaintiff. In the defendant's case, with evidence in support of the averments of the pleas filed, it was shown, inter alia, that the building had been erected by John A. Snyder for Charles McGehee, under a contract in writing dated January 18, 1886, for the contract price of $1,600.

At the close of the testimony, the defendants requested the court to charge:

1. Under all the evidence in this case, there can be no recovery against Laura McGehee; her coverture is a bar to such recovery.[3]

2. The plaintiff was bound to allege that Laura McGehee was a married woman at the time the materials were furnished, and the lien contains no such averment, and therefore there can be no recovery.[4]

3. It is essential to the plaintiff's case for the plaintiff to show that the materials were furnished to Laura McGehee upon her order and contract. The evidence shows that John A. Snyder contracted with Charles McGehee to build the house, and that the materials were sold to Snyder.

4. There can be no recovery in this case, because the lien avers that the materials were furnished upon the joint request of the husband and wife. This is fatal to the claim. It must be averred that the materials were furnished upon the request of the wife, Laura McGehee, alone.[5]

5. It must be proved as a fact that the improvement was a necessary one. There is no evidence upon this question to submit to the jury and the defendants are entitled to the verdict.[6]

Opinion of the Court.

6. If the jury believe from the evidence that John A. Snyder contracted with Charles McGehee to build the dwelling-house, there can be no recovery in this case against Laura McGehee.[7]

7. The plaintiff's own evidence shows that Snyder was his partner shortly before the shingles were delivered, and that he sold the shingles to Snyder. If the jury believe the sale was to Snyder, or upon Snyder's personal credit and not upon the credit of the building, there can be no recovery by the plaintiff in this case.[8]

8. There is no evidence in this case to show that the materials were sold by the plaintiff upon the credit of the separate estate of Laura McGehee, and there can be no recovery against Laura McGehee.[9]

—The court, McLEAN, P. J., refused the foregoing points, and instructed the jury to render a verdict for the plaintiff.[2]

The jury having returned a verdict for the plaintiff for $89, the defendants took this appeal, specifying that the court erred:

1. In not striking the mechanics' lien from the record.[1]

2. In instructing the jury to find for the plaintiff.[2]

3–9. In refusing the defendants' points.[3 to 9]

*Mr. W. U. Brewer* (with him *Mr. J. Nelson Sipes*), for the appellants.

As to the refusal to strike off the lien, counsel cited: Lloyd v. Hibbs, 81 Pa. 306; Berger v. Clark, 79 Pa. 340; Murray v. Keyes, 35 Pa. 384; Parke v. Kleeber, 37 Pa. 251; Kuhns v. Turney, 87 Pa. 497. That the cause should have been submitted to the jury: Gould v. McFall, 111 Pa. 66; Guyer v. Harrison, 103 Pa. 480; McMullen's App., 107 Pa. 90; Needham v. Woollens, 14 W. N. 525; Shannon v. Shultz, 87 Pa. 481; Loomis v. Fry, 91 Pa. 396.

*Mr. D. W. Rowe* (with him *Mr. Alex. Stewart* and *Mr. John A. Robinson*), for the appellee.

Counsel cited: (1) Einstein v. Jamison, 95 Pa. 403; Duck v. O'Rourke, 19 W. N. 497; Forrester v. Preston, 2 Pittsb. 298: Presb. Church v. Allison, 10 Pa. 413; Kelly v. Brown, 20 Pa. 446. (2) 1 Trickett on Liens, §§ 68, 71, 72, 74.

OPINION, Mr. JUSTICE STERRETT:

The claim in this case contains, either in express terms or

by necessary implication, all the averments that are essential to a valid mechanics' lien against the estate of a married woman, and hence there was no error in discharging the rule to show cause why the lien should not be stricken off.

As appears by the record, the claim was filed against Laura McGehee, " owner or reputed owner," and " Charles McGehee, her husband," and sets forth that the shingles were furnished to the contractor with her " knowledge and consent, . . . . at her request and the request of her said husband, for the improvement of her separate estate, within six months last past, for and about the erection and construction and upon the credit of the building," etc. By necessary implication, this is a sufficient averment that Laura McGehee was a married woman when the lumber was furnished at her request. It is also averred that she was the owner of the building and the ground upon which it was erected, and that the shingles " so furnished were actually applied to the improvement of Laura McGehee's separate estate, and were necessary for the use and enjoyment of her separate property." According to all the authorities on the subject, these and other essential averments are sufficiently set forth in the claim, either in express words or by necessary implication. As was said in Einstein v. Jamison, 95 Pa. 403: " If the materials were furnished and used in the improvement of her property by her directions, or with her knowledge and assent, and were reasonably necessary, and there was no agreement that her property should not be liable therefor, the law will give a lien for the value of the materials." The specifications relating to the refusal of the court to strike off the lien are therefore not sustained.

In two of the remaining specifications, the subject of complaint is that, instead of submitting the case to the jury on the evidence, the learned judge gave binding instructions to find for the plaintiff. In that there was error, for which the judgment must be reversed. While the evidence tended to sustain the plaintiff's claim, it was clearly the province of the jury, and not of the court, to consider the testimony and determine the facts. The remaining specifications are not sustained.

> Judgment reversed, and a venire facias de novo awarded.