## George Kircher, Appellant, *v.* Mrs. E. E. Sprenger.

*Promissory note given by widow for husband's debt—Consideration.*

A note given by a widow for the payment of a debt due from her deceased husband's estate, which estate is insolvent, is void in law without a new consideration; and such consideration will not be raised by an agreement on the part of the creditor that the note will be renewed from time to time after maturity: Leonard v. Duffin, 94 Pa. 218; Bentley v. Lamb, 112 Pa. 480, distinguished.

*Question for jury—Evidence—Oral statement of interested witness.*

Where in an action brought on a note given by the widow for the husband's debt the case turns on the insolvency of the husband's estate, although the weight of the evidence may very strongly indicate his insolvency at the time of his death, yet when it depends entirely upon the widow's testimony, since her credibility is a question wholly within the province of the jury it should have been submitted to them to pass upon, and it was error for the court to direct a verdict for defendant.

Argued Nov. 11, 1896. Appeal, No. 19, Nov. T., 1896, by plaintiff, from judgment of C. P. Lancaster Co., June T., 1894, No. 82, on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Appeal from judgment of justice in favor of the plaintiff $233.74. Before LIVINGSTON, P. J.

This suit was upon a promissory note, given by Mrs. E. E. Sprenger, a widow, to George Kircher. Upon the trial of the case, the plaintiff offered the note in evidence and rested. The defense was that the note was given to lift a note of George F. Sprenger, deceased, the late husband of the defendant, and she

was not responsible, as he died without leaving any estate. The plaintiff then offered to show, that Mrs. E. E. Sprenger, defendant, as administratrix of the estate of said George F. Sprenger, deceased, had given a large bond, and that said decedent had left personal property. The defense proved he had left no estate by the oral testimony of defendant herself. The plaintiff was called.to show decedent had an estate at the time of his decease, which evidence the court below refused to credit. The court below refused to leave the evidence and credibility. of the witness to the jury, but gave binding instructions to the jury, to render a verdict for defendant.

The court directed a verdict for defendant, charging inter alia as follows :

So that there is no evidence here at all that any estate was. left by George F. Sprenger. The fact of taking out letters of administration don't show there was any estate ; no inventory was filed, nothing done. They produce no account ; they do not produce any witness who shows there was any estate. She tells you that the horses this man, Kircher, speaks of, she mortgaged her own property for the payment of them ; they were hers, and she used them in her own business which she has now sold out. [3]

Verdict for defendant.    Plaintiff appealed.

*Error assigned*, inter alia, was (3) to portion of the judge's charge, reciting same.

*B. F. Davis*, for appellant.—The note in suit was for a valuable consideration, and the only parallel case we have been able to find in Pennsylvania which we think governs this case is Reily v. Dean, 36 Leg. Int. 304.

On the question of consideration cited Paxson v. Nields, 137 Pa. 385.

The case should be left to the jury : Kelly v. McGehee, 137 Pa. 443 ; Grambs v. Lynch, 20 W. N. C. 376 ; s. c., 4 Penny. 243.

It is settled law that where a case depends upon oral testimony such testimony must be presented to the jury : Lamb v. Irwin, 69 Pa. 436.

*J. Hay Brown*, with him *W. U. Hensel*, for appellee.—The

widow was under no moral obligation to pay the debt of her husband by a promise to do so made since his death: Paxson v. Nields, 137 Pa. 385.

On the question of lack of consideration cited Williams v. Nichols, 76 Mass. 83; Hetherington v. Hixon, 46 Ala. 297; Watson v. Reynolds, 54 Ala. 191; Bryan v. Philpot, 3 Ired. 467; Mansfield v. Corbin, 56 Mass. 151; Cook v. Bradley, 7 Conn. 57; Rowland v. Harris, 55 Ga. 141; McElven v. Sloan, 56 Ga. 208.

OPINION BY REEDER, J., February 16, 1897:

The law of this case is established by the decision in Paxson v. Neilds, 137 Pa. 385, and if the fact was unquestioned and undisputed as to the insolvency of the husband this judgment would have to stand. The only assignment of error which has any merit is the third. Here it is claimed that the court below erred in not submitting to the jury the question of the insolvency of the defendant's husband, of whose estate she was the administratrix.

It is true as the learned court says, that no inventory was filed, no account presented and no witnesses produced to show that there was any estate; it is also true that the defendant herself testifies that he had a horse and some bottles in his possession at the time of his death, and that she does not know where he got the money to pay for the horse and the bottles, and that that was all the estate that her husband left at the time of his death; she testifies at another time that he had three horses at the time of his death, and in another place that he had some mules and bottles, and that she mortgaged her property to pay for them, and that they were her property and not that of her husband.

Under this testimony the weight of the evidence might very strongly indicate the insolvency of the defendant's husband at the time of his death, and yet, as it depends entirely upon her testimony, and her credibility is a question wholly within the province of the jury, it should have been submitted to the jury for them to pass upon.

In the case of Reily v. Dean, 36 Leg. Int. 304, it was held by the learned court below that the plaintiff, Mrs. Reilly, who had been induced to apply her personal means to the payment of her husband's debt and the relief of his estate, and the note

to the plaintiff in that case had been given in pursuance of that resolution and so accepted, that the court could not therefore say that there was no consideration for the note in suit. This was affirmed by the Supreme Court in a per curiam decision. Applying the law as laid down in that case to the present case it clearly indicates that there was a valid legal consideration for this note given by Mrs. Sprenger for her deceased husband's debt, if he was solvent at the time of his death. The sole question of fact, therefore, for the jury to determine was whether or not he was insolvent. There were certain facts indicating his insolvency which appeared in the testimony of Mrs. Sprenger, the defendant; she explained these facts, and said that the property that he died possessed of was partly her property and that he died actually insolvent; no inventory or account of his estate was filed by her as administratrix. Whether a jury would credit her statement or not—whether her explanation is true or not was a question for a jury to determine, and not for the court, and therefore should have been submitted to them.

The Supreme Court say, in Kelly v. McGehee, 137 Pa. 443, " While the evidence tended to sustain the plaintiff's claim, it was clearly the province of the jury and not of the court to consider the testimony and determine the facts.

In Grambs v. Lynch, 4 Penny. 243, the court below charged, " Where a witness goes upon the stand and swears positively to a fact and that fact is not contradicted, it is established and there is nothing to submit to a jury. We say to you that there is nothing in this case for you to pass upon, save only to agree upon a verdict in favor of these defendants," and this was assigned for error, and Judge PAXSON, in commenting upon this portion of the charge so assigned says, " This is an erroneous statement of the law. There is the question of the credibility of the witness, and this cannot be taken from the jury; it is their duty to credit a witness if there is no good reason to the contrary. But the mere manner of a witness may discredit him with the jury, and his story may be so against all the probabilities of the case that a jury is justified in not believing him. It is well settled law that where a case depends upon oral testimony such testimony must be submitted to the jury. Authorities are hardly needed for so obvious a proposition."

The third assignment of error is therefore sustained and the judgment is reversed, and a venire facias de novo awarded.