## Meade *v.* Parmentier Plywood Service, Inc., Appellant.

· Argued April 13, 1948. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Henry D. O'Connor,* for appellant.

*D. Stewart McElhone,* with him *Edward B. Duffy* and *Duffy, McElhone & Honeyman,* for appellee.

OPINION BY MR. JUSTICE DREW, May 24, 1948:

Allen F. Meade, claimant, instituted this action of Scire Facias sur Mechanics Lien against Parmentier Plywood Service, Inc., defendant, to recover the contract price of a bituminous paved floor he constructed in an industrial building owned by defendant in the Township of Upper Moreland, Montgomery County. An affidavit of defense containing a set-off was filed wherein defendant averred that claimant had not performed his contract satisfactorily because the floor surface was not hard enough for its industrial purposes. A jury trial resulted in a verdict for claimant in the amount of $3,590.78, which sum represented the full contract price plus interest. Defendant's motion for judgment n. o. v. having been refused, this appeal followed.

As the only assigment of error is the refusal of the motion for judgment n. o. v., we are required to view the evidence in the light most favorable to claimant to determine if sufficient evidence was presented to justify the submission of the case to the jury. So viewed, the following are the pertinent facts.

Claimant, a road-building contractor, agreed to construct a paved bituminous floor inside defendant's new

building. For the reason he had no experience with this type of floor, and before the terms of his contract were agreed upon, he referred defendant's agent, Mr. Smith, to certain manufacturers of paving materials so that defendant could determine the type of material most suitable for its purposes. After rather lengthy conferences with the engineers of the Colprovia Company, defendant decided to use Colprovia products. The contract specified that the floor was to consist of certain stone "covered with one inch of Colprovia base material well rolled and finally covered with one-half inch of Colprovia top or wearing surface material which also shall be well rolled to an even hard surface." After the floor was completed, defendant attempted to use the building in question for the storage of stacks of plywood. The trucks or dollies upon which the plywood was piled had metal wheels one and one-quarter inches wide and these narrow wheels sunk into the Colprovia surface of the floor to a depth of half an inch. The workmen could not move these small-wheeled industrial vehicles on this floor. All efforts to harden the surface of the floor have failed, and there is no dispute as to the fact that the floor is not satisfactory for defendant's purposes.

The interpretation of the contract pivots on the meaning of the words "even, hard surface". Defendant does not contend that the floor was improperly laid or that it was not as hard as is normal for a Colprovia surface. Rather, it is defendant's contention that when claimant agreed to the provision for an "even, hard surface", he agreed that the floor would be hard enough for use as an industrial floor in defendant's warehouse. After the contract was entered into but before the floor was laid, claimant used Colprovia in the construction of a driveway which he was building on defendant's premises. Defendant contends that when this Colprovia surfaced road did not get as hard as expected, claimant made an oral warranty that the inside floor would be

harder than the driveway and that its surface would carry certain weights.

Claimant admits that he knew the general requirements of defendant, but denies that he made any warranty in regard to the floor. He said he could not do so because he had no experience in the construction of bituminous paved floors using Colprovia or any other black-top material. He further denies that he recommended Colprovia to defendant for the reason that he had no knowledge of the weight-bearing quality of this material. His testimony was that defendant selected the type of materials used after an independent investigation by its own agent, and that his sole duty was to lay the Colprovia material properly. Claimant maintains that the words "even, hard surface" mean as hard and even as a Colprovia surface normally attains when it is installed with proper care and skill.

We agree with the following excerpt from the opinion of the learned court below:

"Admittedly, Parmentier [defendant] did contact the engineers of the Colprovia Company and upon the advice of the engineers of the Colprovia Company decided to use their product. After making such decision, in reliance upon representations set by Colprovia, Parmentier entered into a contract with claimant to lay the floor, using Colprovia in accordance with the specifications set forth in the contract. Certainly there is no evidence of any agreement between Parmentier and Meade [claimant] for anything except a Colprovia blacktopping laid to certain specifications and to be rolled to a smooth hard surface. As to what was meant by 'hard,' the trial judge left to the jury and there was ample evidence to justify a finding that the surface was as hard as could be produced by any method using Colprovia or perhaps any other blacktop material."

The conflicting testimony presented an issue of fact which was properly submitted to the jury. The evidence

was adequate to justify the finding of the jury that claimant complied with the terms of his contract and was entitled to be paid. The learned court below properly refused defendant's motion for judgment n. o. v.

Judgment affirmed.