## Pancoast v. Minter

*Rubin Mogul*, for plaintiff.

*Stanley B. Cooper*, for defendants.

FORREST, J., December 31, 1959.—In this action of sci fa. sur mechanics' lien the amount claimed is less than $2,000. Defendants filed a praecipe for appointment of arbitrators. Plaintiff has petitioned to strike the case from the arbitration list and to have the case placed on the jury trial list instead. He contends that in the absence of agreement of the parties, mechanics' lien actions may not be subjected to arbitration. Defendants filed answer to the petition upon which the case was ordered on the argument list. An act of the General Assembly provides:

"The several courts of common pleas . . . may, by rules of court, provide that all cases which are at issue where the amount in controversy shall be two thousand dollars ($2,000) or less, except those involving title to real estate, shall first be submitted to and heard by a

board of three (3) members of the bar within the judicial district": Act of June 16, 1836, P. L. 715, sec. 8.1, as added by Act of June 14, 1952, P. L. 2087, sec. 1, as amended by Acts of July 22, 1955, P. L. 270, sec. 1, May 17, 1957, P. L. 147, sec. 1, and June 20, 1957, P. L. 336, sec. 1, 5 PS §30.

Pursuant to the foregoing statutory authorization, this court promulgated local rule 252(a)(1) providing: "All cases, which are now or later at issue, when the amount in controversy shall be Two Thousand Dollars ($2,000.00) or less, except those involving title to real estate, shall be submitted to and heard and decided by a Board of Arbitrators consisting of three members of the Montgomery County Bar in active practice in this County."

Plaintiff contends that only assumpsit and trespass actions are subject to compulsory arbitration. Nothing in the act itself or in the legislative history preceding its passage justifies such a narrow construction. With certain exceptions not applicable here: "All . . . provisions of a law shall be liberally construed to effect their objects and to promote justice": Section 58 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §558. The factual complexity and legal refinements of mechanics' lien cases generally are a matter of common knowledge among those skilled in the law of this Commonwealth. Speedy justice will be promoted by the inclusion of this kind of cases within the swath of compulsory arbitration.

Petitioner points to sections 23, 25 and 52 of the Mechanic's Lien Act, 49 PS §133, 135 and 246, in support of his contention that the Mechanic's Lien Act of June 4, 1901, P. L. 431, prescribes trial by jury. These sections do prescribe trial by jury of the "material disputed facts" or at least the sections *imply* that the facts are to be submitted to the jury. In

mechanics' lien cases, it is "clearly the province of the jury . . . to consider the testimony and determine the facts": Kelly v. McGehee, 137 Pa. 443, 447 (1890). See also Diller v. Burger, 68 Pa. 432, 437 (1871); Meade v. Parmentier Plywood Service, Inc., 359 Pa. 392, at 395 (1948); 12 Standard Pa. Practice, §298, p. 195.

The same might be said of actions in assumpsit and trespass. If the compulsory arbitration act had abolished the right of trial by jury, petitioner might have had grounds for complaining of deprivation of his legal and constitutional rights, just as in the case of plaintiffs in assumpsit or trespass actions. However, this act has been adjudged not to impair the constitutional right of trial by jury in trespass actions: Smith Case, 381 Pa. 223 (1955). The rationale of the Smith case, supra, is equally valid in *mechanics' lien* cases. In short, the fact that arbitration is now a prerequisite to the right of trial by jury of mechanics' lien claims of $2,000 or less is not an unconstitutional abridgement of the right of jury trial of such cases.

Plaintiff contends that since a mechanics' lien claim is a proceeding in rem, there is no "amount in controversy" within the meaning of the Act of 1836, as added and amended. In answer to this it suffices to point out that the legislature by specifically excepting cases involving title to real estate, indicated that it contemplated that there is or may be, an amount in controversy when *title* to real estate is involved. By the same token, there is an amount in controversy when the litigation involves only the validity and amount of a statutory *lien* upon real estate.

And now, December 31, 1959, the rule to show cause why the case should not be stricken from the arbitration list and placed upon the jury trial list is discharged. Exception to plaintiff.