## Barclay's Appeal.

A claim filed under the mechanic's lien law must set forth the nature of the work or materials, with such a specification of the building as would exclude work done or materials supplied for anything else. Therefore a claim for work and labor done to a house, (describing it,) within six months last past, for or about the erection and construction of the said building and *appurtenance*, is not sufficiently certain.

This is an appeal from the decree of the Court of Common Pleas of *Berks county*, distributing certain money arising from the sheriff's sale of the real estate of John Darrah.

On the 25th February, 1848, Geo. G. Barclay entered up a judgment against the said John Darrah for the sum of $500, with interest from January 16, 1848, in the Court of Common Pleas of Berks county, to January term, 1848, No. 186.

Upon this judgment a *fi. fa.* was issued to November term, 1848, No. 46, and a *vend. ex.* to January term, 1849, No. 13, under which the real estate of said John Darrah was condemned, sold, and the proceeds of the same, amounting to $2219 15, after deducting costs, were brought into court for distribution.

A commissioner was appointed to distribute said money amongst the lien creditors of said John Darrah.

February 7, 1849, commissioner filed his report, allowing amongst other things a certain mechanic's lien entered September 7, 1848, in the name of Eisenhauer & Fink, against said John Darrah, of August term, 1848, No. 14, for $187 95½, including debt, interest and costs of same.

This claim of Eisenhauer & Fink, is in the following words, viz:

Nathan M. Eisenhauer and John Fink, trading under the firm of Eisenhauer & Fink, *vs.* John Darrah. In the court of Common Pleas of Berks county, No. — of November term, A. D. 1848.

Nathan M. Eisenhauer and John Fink, house carpenters of the city of Reading, in the county of Berks, files this their claim for the payment of two hundred and sixty dollars, against all that certain two and three quarter story brick building, situate in Franklin street, in the city of Reading, bounded west by lot of George Ribble, east by lot of James V. Lambert, south by Franklin street, and west by lot of Josiah J. Reiff, containing in front on said Franklin street, twenty feet, and in depth ninety feet, and the lot or piece of ground and curtilage appurtenant to said building; the said sum of two hundred and sixty dollars, being a debt contracted for work and labor done to said house by contract, done by the said Eisenhauer & Fink, within six months last past, for and about the erection and construction of the said building and

appurtenance, of which the said John Darrah was and is the owner or reputed owner, and at his instance and request, and the said Eisenhauer & Fink claims to have a lien on the said building, and the lot or piece of ground and curtilage appurtenant to the said building, from the commencement thereof, for the sum aforesaid, according to the act of Assembly in such case made and provided; and the said claimant files this his lien, the work being done between the 14th September, A. D. 1847, and the 24th April, A. D. 1848.                         EISENHAUER & FINK.

February 24, 1849, appellant filed his exceptions to the report of the commissioner, setting forth among other exceptions, "that commissioner erred in allowing the said mechanics lien of Eisenhauer & Fink *vs.* John Darrah, of August term, 1848, No. 14, for $187 95½, including debt, interest and costs."

April 21, 1849, the court below dismissed the exceptions, and decreed payment of the claim of Eisenhauer & Fink, from which decree Geo. G. Barclay, a judgment creditor of said John Darrah, and who would have been entitled to said money, had not said claim been allowed, appealed.

Errors assigned:

The court erred in dismissing the exceptions in this case, and in decreeing the payment of the claim of Eisenhauer & Fink: Because their claim or statement of their demand, filed in the office of the prothonotary of the Court of Common Pleas, did not set forth the nature or kind of the work done by them, in or about the erection or construction of said building, and because the work done is not stated to have been done in or about the erection or construction of said building, but "for and about the erection and construction of the said building and appurtenances," and because the terms of the alleged contract are not set out.

The case was argued by *Banks*, for appellant.—The act of the 16th June, 1836, provides that the claim or statement filed shall set out "the nature or kind of work done:" 6 *Barr* 191; 9 *W. & S.* 186.

*Jones* for appellee.

PER CURIAM.—O'Brien *vs.* Logan, 9 *Barr* 97, established that a reference, in a mechanic's lien, to a special contract, where there is one, is not indispensable; and Young *vs.* Lyman, *id.* 449, established that it is not necessary to set forth items; but neither of them went so far as to dispense with the nature of the work or materials with a specification of the building, strictly so called, that would exclude work done, or materials supplied for any thing

[Barclay's Appeal.]

else. In this instance, the charge is for work done for and *about* the erection and construction of the said building and *appurtenance*. But an appurtenance may be a yard, an alley, a cistern, a conduit pipe, an ice-house, a smoke house, a privy, a stable, or other outhouse, distinct from the principal building mentioned in this written claim, and consequently not within the purview of the lien laws. It is incumbent on the mechanic or material man, to bring himself within the statute, and to show title affirmatively on the face of the registry, and not for antagonist creditors to show the reverse. That has not been done, and the claim of the appellees is to be struck out, and the money applied to the judgment of Barclay *vs.* Darrah.

So decreed.