## W. BEVAN ET AL. v. A. M. THACKARA ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY.

Argued February 5, 1891—Decided October 5, 1891.

[To be reported.]

1. Where a building, reasonably necessary for the improvement of a wife's
real estate, is erected thereon under a contract therefor entered into by
her husband, with her knowledge, approval and consent, it is subject to

Statement of Facts.

a mechanics' lien for necessary materials furnished upon the order of the contractor and used in such erection.*

2. Where materials are supplied, on the order of a contractor, for a dwelling and a stable on the same lot, a claim filed for materials furnished for the dwelling, but not including the stable, is insufficient to authorize a recovery for materials supplied for the latter, though a reasonable appurtenance to the dwelling.

3. Conceding, in such case, that the material-man would have had the right to file a lien for materials furnished to both house and stable, the mere mentioning of the stable in the bill of particulars appended to the claim as filed, was insufficient as an inclusion of the stable in the claim.

4. A material-man is bound by the stipulations of the principal contractor: Schroeder v. Galland, 134 Pa. 277; and for materials furnished to the stable, in such case, his right to a lien is not aided by the fact that he was not aware that the dwelling and the stable were erected under separate and independent contracts.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 83 January Term 1891, Sup. Ct.; court below, No. 9 June Term 1888, M. L. D., C. P.

On February 26, 1889, Walter Bevan and H. C. Bevan, trading as Walter Bevan & Brother, issued a scire facias sur mechanics' lien against Alexander M. Thackara and Eleanor Sherman Thackara, his wife, owners or reputed owners, and L. W. Kitzelman, contractor. Issue.

At the trial, on March 17, 1890, the plaintiffs offered the claim in evidence; admitted, for the purpose of showing when it was filed and the amount claimed.

The claim was filed on July 25, 1888, by Walter Bevan & Brother against "the building hereafter mentioned, the ground covered by said building, and so much other ground adjacent, etc., belonging to Eleanor S. Thackara," and averred as follows:

1. "Names of claimants, Bevan & Bro.; Contractor, L. W. Kitzelman.

2. "Amount claimed is $923.42, for lumber, lime, etc., furnished within six months last past, continuously, the particulars, items, amounts and dates, etc., being specifically set out in bill annexed and made part of this claim, and furnished for

---

* See Bodey v. Thackara, ante, 171.

the erection of said building; said building having been erected for the improvement of the separate estate of Eleanor S. Thackara, and by her direction, authority and consent, and with consent of her said husband, the said A. M. Thackara. The said materials were furnished, under and in pursuance of a contract made by and between the said Eleanor S. Thackara and the said L. W. Kitzelman, and were reasonably necessary for the improvement of her separate estate, and said improvement is a necessary improvement. And due and legal notice of the amount and character of this claim was given said owner when the said materials were furnished and within ten days thereafter.

3. "The said building is a dwelling-house, two stories in height, with attic, the first story being of stone, and the second story and attic being of frame." [The dwelling was then fully described as to its measurements and the place of erection, as set out in the opinion of the Supreme Court.]

Attached to the claim was a bill of particulars headed as follows:

"BILL OF PARTICULARS.

"July 20, 1888.

"L. W. Kitzelman, contractor; A. M. Thackara, owners, and wife.

"House and Stable near Rosemont, Pa.

"Bought of Walter Bevan & Brother."

It was then made to appear that Mrs. Eleanor S. Thackara acquired title to the lot of nearly two acres, upon which a house and stable were erected, by deed from W. P. Tiers and wife, dated May 17, 1887; that on July 15, 1887, a contract under seal was entered into between A. M. Thackara, of the first part, and L. W. Kitzelman, of the second part, "for the erection and completion of a stone and frame dwelling-house for the said party of the first part," on a lot of ground in Rosemont, Montgomery county, under the direction of Amos J. Boyden, architect. The contract contained the usual stipulations as to the manner in which the work was to be done, and concluded:

"5. In consideration of the foregoing, the said party of the first part agrees to pay to the said party of the second part, upon certificates of said architect that the terms of this con-

Statement of Facts.

tract are complied with, and upon sufficient evidence that all claims upon the building for work or materials up to the time of payment, are discharged, the sum of eighty-one hundred and thirty-five dollars. This amount is to be paid in instalments at the discretion of the architect, in proportion as the work progresses; one fifth of the sum being reserved, to be paid thirty days from the completion of the work."

It was made to appear, further, that on November 11, 1888, a second contract under seal was entered into between A. M. Thackara of the first part, and L. W. Kitzelman of the second part, " for the erection and completion of a frame stable for the said party of the first part" on the same lot of ground, for the consideration of $800. This contract contained the same provisions as to the payment of the contract price as are quoted, supra, from the contract as to the dwelling-house.

Testimony was then introduced by the plaintiffs showing that from August 9, 1887, to January 26, 1888, the plaintiffs furnished hemlock, sand and cement to the amount of $909.78, as per the bill of particulars; that the building of the house was begun in July, 1887, and completed about February 11, 1888; that the building of the stable was begun in November, 1887, and completed about February 10, 1888; that Mrs. Thackara examined the plans for the dwelling at the office of the architect before the contract was executed, and during the progress of the work was a frequent visitor at the premises, gave directions about the work, etc.; the testimony upon this subject being substantially the same as given in Bodey v. Thackara, ante, 171, including the letters to Bodey & Livingston. In addition, there was testimony to the effect that both the dwelling-house and the stable were necessary for the improvement of Mrs. Thackara's estate, and that on January 10, 1888, the plaintiffs in this case gave notice to Lieut. Thackara that they had furnished to Kitzelman, the contractor, materials amounting to $909.78, and had sent a memorandum thereof to the architect. Letters from the plaintiffs and their books of original entry, read in evidence, tended to show that they furnished the materials under the belief that the property belonged to Mr. Thackara, and there was testimony to the effect that they had no knowledge that Mrs. Thackara owned the lot, and that separate contracts were entered into with Kitzelman

for the erection of the house and stable.    Other facts in evidence appear in the charge of the court below.

At the close of the testimony, the court, SWARTZ, P. J., charged the jury :

It seems that a contract was made by the husband, Lieut. Thackara, with one L. W. Kitzelman as contractor.    This contract was in writing.    The land upon which this house was erected was owned by the wife ; and I charge you that a husband cannot, by making a contract like this, charge his wife's property, unless it appears that she assented to such contract, or that the materials were furnished with her consent and knowledge, and that they were reasonably necessary for the improvement of her separate estate, and were used for such purpose.    [If she assented to the contract made by her husband in this respect, so that the contract made by him really was a contract for her, and knowingly received the goods, assented to the application of the goods to the construction of her property, and the goods were reasonably necessary for the improvement of her property, and were so used, she, assenting to it and having knowledge of it, is bound by the contract.][3]

Now, you will take this testimony, and ascertain whether Mrs. Thackara did have knowledge of this contract, or of the contracts that were made by her husband with Mr. Kitzelman. Did she consent to these contracts?    Were the materials that were used in the construction of the house and in the construction of the stable reasonably necessary for the construction of these buildings, and did she have knowledge that they went into the buildings, and did she assent to it?    If she did, then she would be liable for the contract made by her husband, and would be liable upon this lien, subject to the questions of law that I will hereafter pass upon, for the claim presented in this case.

[Something has been said in your hearing that the defendants in this case have already paid more than the contract price for the construction of these premises.    I charge you that that is entirely immaterial for your inquiry.    The question is, whether these materials were furnished upon the credit of this building or the buildings ; and if they were, were they reasonably necessary for the construction of the buildings, and were

Charge of Court below.

these buildings necessary for the improvement of the separate estate of the married woman? If they were, then they are entitled to recover in this case. The fact that they may have paid more than was due on the contract price would not prevent a recovery in this case. These are material-men; if they furnished the materials, if they were proper and reasonably necessary for the construction of the house, if they went into the house, into the buildings, and the erection of the buildings was necessary for the improvement of her estate, that would be sufficient to enable the plaintiffs in this case to recover.] [2]

You have heard the testimony on the part of the plaintiffs to show that Mrs. Thackara had notice or knowledge of the construction of this property; that she was about the buildings when the workmen were there, and you heard what was said by the witnesses upon the stand in relation to that. There are also in evidence some letters she wrote to Mr. Bodey, showing that she was about the premises, or that she called upon Mr. Bodey and made some request as to materials, at least as to hurrying up materials. All these facts will be taken into consideration by you in determining whether Mrs. Thackara had knowledge of the contract; whether she consented to it, and whether the materials were furnished with her knowledge and assent. . . . .

The first point I am asked to pass upon by the defendants is this:

1. The last item in plaintiffs' account was furnished, it is alleged, on January 26, 1888, and it has been testified by plaintiffs' witness that the materials charged were used in the construction of the stable; this being so your verdict must be for the defendants.

Answer: This is refused. [4]

2. If you should find that the materials charged in the last item were really not furnished on that day, to wit, on January 26, 1888, but were in point of fact furnished on a day prior to January 24, 1888, then your verdict should be for the defendants.

Answer: This is affirmed; because if that is so then the lien was not filed within six months. But you will say whether there is any evidence here to show that these items were furnished at an earlier date than appears upon the bill of partic-

Charge of Court below.

ulars furnished in this case. If the evidence establishes that these items were furnished within six months, that the last item was within six ·months, and this being a continuous furnishing of material, the whole bill would be collectible; the claim being filed within six months from the time the last items were furnished.[5]

3. I also instruct you, as a matter of law, that any materials charged in the plaintiffs' lien, which were used in the construction of the stable, cannot be recovered in this proceeding, and should be separated from the charges for materials which entered into the construction of the dwelling-house, and deducted from the accounts.

Answer: I refuse this, but this is a question reserved for the consideration of the court hereafter.[6]

4. Your verdict in any event in this case, gentlemen, in case it is for the plaintiffs, can only be for the amount and value of the materials which were actually used and applied in the construction of the dwelling-house in question.

Answer: This is refused, but reserved, as I have stated.[7]

6. Before the plaintiffs are entitled to recover at all in this proceeding, they must prove that Mrs. Thackara made a contract to build this house with L. W. Kitzelman, the contractor; and if you find that Kitzelman made the contract with Mr. Thackara, and in Mr. Thackara's name, as appears in the written contract, then your verdict must be for the defendants.

Answer: This is true, unless you also find that the contract was made by the husband for the wife, and that with her knowledge and assent the materials were furnished and used in the construction of the house, and were reasonably necessary for the improvement of her separate estate.[8]

7. If you believe and find that Bevan & Bro. did not know at the time they sold these materials to Kitzelman that the land upon which this house was erected belonged to Mrs. Thackara, but thought it belonged to Mr. Thackara, and so treated the transaction, as appears by the letters and book of charges of Bevan & Bro., then your verdict should be for the defendants.

Answer: This is affirmed. Of course, if they treated the property in this way throughout, they could not recover; but, as I have just said, if you find that the contract was made by

Charge of Court below.

the husband for the wife, and that with her knowledge and assent the materials were furnished and used in the construction of the house, and were reasonably necessary for the improvement of her separate estate, then the plaintiffs in this case could recover.[10]

8. It is absolutely necessary, to entitle Bevan & Bro. to recover in the proceeding, for you to find from the evidence that they sold and furnished these materials on the credit of the house and the land in question, knowing that the same were the separate property and estate of Mrs. Thackara, and knowing, also, that she had made a contract with Kitzelman for its erection; for, if she did not authorize Kitzelman to build the house as her contractor, under a contract with her or in her name, he, Kitzelman, could not bind her estate by making a contract with Bevan & Bro. for these materials; and, finding all this, your verdict should be for the defendants.

Answer: This is refused as a whole; but it is true that unless Mrs. Thackara authorized Kitzelman to build the house, he, Kitzelman, could not bind her estate by making a contract with Bevan & Bro. But you are to say whether the contract by the husband was made for the wife, with her knowledge and assent, and that the materials were furnished and used in the house, and were reasonably necessary for the improvement of her separate estate, and that they were so furnished with her knowledge and assent.[11]

9. It is an admitted fact in this case, gentlemen, that the contract for the building of this house was in writing, and was in Mr. Thackara's name, not Mrs. Thackara's, made by Mr. Thackara with L. W. Kitzelman. Under this state of facts, the presumption of law is that Bevan & Bro. dealt with Kitzelman as contractor for Mr. Thackara; and hence it is absolutely necessary, in order for you to find a verdict for the plaintiffs, that you find that the contract with Kitzelman for the building of the house was either made personally by Mrs. Thackara, or in her name by her authority; and it is my duty to say to you, gentlemen, that there is no evidence of any contract in her name, for the contract is in the name of A. M. Thackara, and plaintiffs' books do not charge Mrs. Thackara, but the letters of plaintiffs inquiring for a settlement look to Mr. Thackara; this being so, your verdict should be for the defendants.

Answer: This is refused.   It is true, as I have already stated, that if the contract was made with the husband, and there was nothing else in the case, he could not bind the wife and could · not subject her property to this lien ; but you are to take all the evidence in this case and determine what the contract was. If the contract was made by the husband, and the wife assented to it, and had knowledge of the materials being furnished, if they were furnished with her assent and were reasonably necessary for the construction of this house, for the improvement of her separate estate, and were so used, you would have a right to say that the plaintiffs should be compensated and paid for the bill which they claim before you, if you find that it is·correct in charge.   Of course, there could be no recovery unless the bill here charged is a fair charge, such as is in accordance with the ruling rates in the neighborhood where these materials were furnished.[12]

10. It is the law, gentlemen, and I so charge you, that the plaintiffs cannot recover in this proceeding, unless it is proven to your satisfaction that the materials furnished by plaintiffs were necessary for the improvement of the separate estate of Mrs. Thackara, and that the materials so furnished were actually used and applied in the construction of the house, and were furnished on the credit of Mrs. Thackara upon her contract with Kitzelman.

Answer : This is affirmed, except that it is not necessary that there should be direct testimony that they were furnished upon the credit of Mrs. Thackara.   If they were furnished upon the credit of the building, and it shows that the materials were furnished with her knowledge and consent, and were reasonably necessary for the improvement of her separate estate, and were used for that purpose with her knowledge and assent, she would be liable, and it would not be necessary to prove positively that Bevan & Bro. knew she was the owner of the property at the time they furnished it, if they furnished it on the credit of this building.   It matters not who was the owner of the building, if she was the owner of the real estate, and the materials were furnished with her knowledge and assent, as I have repeated to you again and again.[13]

11. The contract of A. M. Thackara, the husband, in his own name and on his own credit, does not make Mrs. Thackara's

land liable to this lien, and your verdict should be for the defendants.

Answer: This is true. If this were all that is in the case, I would have to affirm it; simply because he made the contract would not authorize you to charge her property.[14]

12. The plaintiffs must satisfy you that they furnish these materials on Mrs. Thackara's credit. If you believe that the plaintiffs did not know that Mrs. Thackara owned the land at the time they were furnishing these materials, but only learned it was her land when they came to file their lien, then your verdict should be for the defendants.

Answer: This is refused, for the reasons I have already stated.[15]

13. To sell on the credit of Mrs. Thackara, means a knowledge on the part of the plaintiffs that she owned the land in her own right.

Answer: This is true, as a proposition.

14. Under all the evidence, your verdict should be for the defendants.

Answer: This is refused. It is a matter entirely for you.[16]

15. I charge you, gentlemen, that it is the law that if the house was constructed under a different and earlier contract than the one made for the stable, then it being admitted from the undisputed testimony in the case, that the contract for the house was made in July, 1887, and did not include the stable, and that the stable was not part of this contract, but was built under a subsequent contract, and in writing made November 11, 1887, and was not a part of the house, but was a separate and distinct structure, then the plaintiffs cannot recover here, and your verdict should be for the defendants.

Answer: This is refused, but reserved.[17]

16. The plaintiffs having failed to separate their items of charge, specifying what went to the house described in the lien, and what went to the barn or stable, the jury cannot at random guess the same, and therefore the verdict must be for the defendants.

Answer: This is refused, but reserved.[18]

I reserve the question whether the plaintiffs can recover on their lien under the following facts in the case:

On July 15, 1889, L. W. Kitzelman contracted in writing

Opinion of Court below.

with A. M. Thackara, the husband of Eleanor S. Thackara, for the erection of a dwelling-house, and on November 11, 1887, made a similar contract with said husband for the erection of a stable. The lot upon which these buildings were erected was owned by the wife. The plaintiffs furnished materials continuously upon the order of the contractor, and they were used, part in the construction of the house, and part in the construction of the stable. The plaintiffs had no knowledge that there were separate contracts for the erection of the respective buildings nor that the contracts were in writing, but they knew that Kitzelman was building both the house and stable. The building of the house was commenced in July, 1887, and completed about February 11, 1888. The stable was commenced in November, 1887, and completed about February 10, 1888. The jury find the value of the materials furnished and used, with interest, to be $999.68 ; that the materials were reasonably necessary for the erection of the house and stable ; that the buildings were necessary for the improvement of the wife's separate estate ; that the contract was made with the knowledge and consent of the wife ; that the materials were furnished with her knowledge and assent ; that the stable was appurtenant to the house, and was necessary for the convenient enjoyment of the house and lot.

—So finding, the jury returned a verdict for the plaintiffs for $999.68, subject to opinion of the court on the question reserved.

A motion and reasons for a new trial, and a motion for judgment for the defendant non obstante veredicto, having been argued, the court, SWARTZ, P. J., on October 6, 1890, filed an opinion, wherein, considering Einstein v. Jamison, 95 Pa. 407 ; Forrester v. Preston, 2 Pittsb. 298 ; Schroeder v. Galland, 134 Pa. 277 ; Campbell v. Scaife, 1 Phila. 187 ; Chambersburg Mfg. Co. v. Hazelet, 3 Brewst. 105 ; Lay v. Millette, 1 Phila. 513, the motion for a new trial was overruled. The same day, on the motion for judgment for the defendants, non obstante veredicto, the following opinion was filed :

The plaintiffs filed a mechanics' lien against the defendants. A scire facias was issued on this lien, and upon the trial of the issue we reserved the question whether the plaintiffs can recover on their lien upon the following facts :

Opinion of Court below.

[Here the facts were quoted as in the reservation, ante 191.] The question raised under these facts is whether the lien is sufficient to sustain a recovery.

The plaintiffs fail to designate or prove what part of the materials was furnished to the respective buildings, and refer to the stable by name in no other way than that given in the bill of particulars. Both buildings were erected by the same contractor, and were in process of construction at the same time; one was commenced earlier than the other, but both were finished about the same date. They were built upon the same lot; and the stable, according to the finding of the jury, is appurtenant to the house, and necessary for the convenient enjoyment of the house. The lot contains nearly two acres, and is situate in the township of Lower Merion, not in a city or borough.

According to Lauman's App., 8 Pa. 473, this extensive dwelling-house is the principal building, and the stable is but an appendage built expressly with a view to the more perfect enjoyment of the house. The two buildings are constituent parts of a whole, incapable of separation without injury. If the claimants in this case had furnished materials to the house alone, and had filed their lien against the dwelling-house, such lien when enforced would attach against the stable. "Each of all the buildings erected as one tenement and appurtenances, is liable for the work done on the others. All the property was intended to be improved by each building, and all are subject to the lien:" Nelson v. Campbell, 28 Pa. 156.

If, then, the claim filed against the principal building for work done upon it, gives the claimant a lien upon all the buildings that are to be treated as a unit, why is not such claim sufficient where the claimant does work upon all the buildings? It may be answered that the owners ought to be informed, in the case of a sub-contractor, of the extent of his claim, so that they may know what they are to meet in the scire facias. But, in the lien before us, this information is given by the claimants' bill of particulars, which is part of the lien, and shows that the lumber charged went part into the house and part into the stable.

Again, the claim in this lien is broad enough to cover the stable. The lien is filed against the house and ground upon

Arguments.

which it stands, and so much other ground as is necessary for
the ordinary and useful purposes of the house.  As the stable
is appurtenant to the house and necessary for its enjoyment,
the owners were bound to know that the claim as filed em-
braced the stable and the ground upon which it stands.   The
stable is not described; but this is not necessary, if it is act-
ually included in the language of the lien as filed.   There are
other matters of description in this lien that are sufficient to
identify the property; and identity is all that the description
is required to establish.

And now, October 6, 1890, the motion for judgment, non
obstante veredicto, is overruled, and judgment is entered in
favor of the plaintiffs upon the verdict of the jury.

—Judgment having been entered on the verdict, the defend-
ants took this appeal, specifying that the court erred :

2, 3.   In the portions of the charge embraced in [  ] [2 3]

4–18.   In the answers to the defendants' points. [4 to 18]

19, 20.  In entering judgment for the plaintiffs on the point
reserved, and on the special verdict of the jury.

*Mr. F. G. Hobson* and *Mr. William H. Peace*, for the appel-
lants :

1.  In the present case, the contracts for the erection of the
house and stable were separate, the buildings distinct, inde-
pendent and separate, the stable not described, and the mate-
rials not identified by the claim itself as to the building in
which they were used.   And it was shown by the testimony
that certain of the materials were used in the stable, and there
was no reference to the stable in the claim.   A claim filed un-
der the mechanics' lien law must set forth the nature of the
work or materials, with such a specification of the building as
will exclude work done or materials supplied for anything else :
Barclay's App., 13 Pa. 495; the materials must be furnished
continuously for the same building : Diller v. Burger, 68 Pa.
432; and such must be the understanding at the time : Norris's
App., 30 Pa. 122 ; Hudnit v. Roberts, 10 Phila. 535 ; Hills v.
Elliott, 16 S. & R. 58.   In Lauman's App., 8 Pa. 473, the point
made was that the lien should have been apportioned.   We do
not claim that the lien should be apportioned, but that it should
describe each building, separately and distinctly : Nelson v.
Campbell, 28 Pa. 156.

Arguments.

2. And the lien was defective in that, except in the title, which is not part of the claim, the owner of the property is not named.   It does not aver the land to be the separate estate of Mrs. Thackara, nor that the materials were actually applied: Shannon v. Shultz, 87 Pa. 481; Kuhns v. Turney, 87 Pa. 501; Schriffer v. Saum, 81 Pa. 388.   Moreover, to charge the estate of a married woman, it is necessary that the credit should be given to her personally, not merely a credit to the building or the land, in ignorance whether it is the land of a feme-covert. The wife must personally contract, and the creditor must trust her, on the faith of her separate estate: Burger v. Clark, 79 Pa. 340; Dearie v. Martin, 78 Pa. 57; Finley's App., 67 Pa. 453; Murray v. Keyes, 35 Pa. 384; Heugh v. Jones, 32 Pa. 432; Bear v. Bear, 33 Pa. 525; Parke v. Kleeber, 37 Pa. 251; Cummings v. Miller, 3 Gr. 146.

3. The sub-contractors must know by what authority the contractor acts in ordering materials: Schroeder v. Galland, 134 Pa. 277; Brown v. Cowan, 110 Pa. 588; Campbell v. Scaife, 1 Phila. 187; Kitson v. Crump, 9 Phila. 41; Benedict v. Hood, 134 Pa. 289.   The plaintiffs' rights came through Kitzelman, Kitzelman's through Lieut. Thackara; and here all authority ends, for there was no proof to show that Thackara was acting for his wife.   This lack of authority is not supplied by showing certain acts of Mrs. Thackara amounting to a ratification of the contract, as she cannot be estopped by acts or declarations which in the case of a feme-sole would operate as an estoppel: Glidden v. Strupler, 52 Pa. 400; Quinn's App., 86 Pa. 447; Buchanan v. Hazzard, 95 Pa. 240; Innis v. Templeton, 95 Pa. 262; Davison's App., 95 Pa. 394.

*Mr. Irving P. Wanger* and *Mr. B. E. Chain*, for the appellees:

1. It is the lien as filed that the defendants are to answer. The bill of particulars was in express terms made a part of the lien.   It was thus a part of the body of the lien, and the stable with the house described, and the land on which they were erected, constituted the subject of the lien.   And the plaintiffs proved affirmatively that the materials contained in the bill of particulars actually went into the buildings.   What difference does it make that part of the materials were used in the stable,

Opinion of the Court.

and part in the house ? They were parts of the same buildings on which the lien was filed. Both buildings were upon the same curtilage. The lien extended to the lot on which the buildings stand, and so much of the adjacent ground as may be necessary for the purposes of the building: § 2, act of June 16, 1836, P. L. 696 ; Lauman's App., 8 Pa. 473 ; Gaule v. Bilyeau, 25 Pa. 521 ; Nelson v. Campbell, 28 Pa. 156 ; Lightfoot v. Krug, 35 Pa. 348 ; Pretz's App., 35 Pa. 349.

2. There are not in this case any questions of estoppel. The questions are of fact, whether or not, under the evidence, Mrs. Thackara authorized or consented to the necessary improvements made on her separate estate. These being made for her use and enjoyment, and the buildings erected under her own direction and superintendence, the law will not relieve her property from liability therefor : Einstein v. Jamison, 95 Pa. 403. In Brown v. Cowan, 110 Pa. 588, the question was whether, in the erection of a building, the relation of contractor and owner existed, so as to authorize a contractor to bind the buildings for materials ; and Schroeder v. Galland, 134 Pa. 277, and Benedict v. Hood, 134 Pa. 289, are inapplicable, for the stipulations between the owner and principal contractor are not in controversy.

OPINION, MR. JUSTICE STERRETT :

The lien on which this scire facias issued was filed against a building described therein as " a dwelling-house, two stories high, with attic, the first story being of stone, and the second and attic being of frame, . . . . erected on a certain lot situate in the township of Lower Merion, in said county, containing $1\frac{899}{1000}$ acres of land, bounded by Thornbrook Avenue, lot No. 8," etc., . . . . and " being the same premises which William T. Tiers and wife, by deed dated May 17, 1887, . . . . conveyed to the said Eleanor S. Thackara in fee." The building is further described by giving, somewhat in detail, its length, width, etc. The " amount claimed is $923.42, for lumber, lime, etc., furnished within six months last past, continuously, the particulars, items, amounts, dates, etc., being specifically set out in bill annexed and made part of this claim, and furnished for the erection of said building; said building having been erected for the improvement of the separate estate of Eleanor

Opinion of the Court.

S. Thackara, and by her direction, authority and consent, and with the consent of her said husband, the said Alexander M. Thackara. The said materials were furnished under and in pursuance of a contract made by and between the said Eleanor S. Thackara and the said L. W. Kitzelman, and were reasonably necessary for the improvement of her separate estate, and said improvement is a necessary improvement. And due and legal notice of the amount and character of this claim was given said owner when the said materials were furnished and within ten days thereafter."

Appended to the claim is the bill of particulars, referred to therein as part of the claim. It is entitled as follows:

" BILL OF PARTICULARS

" July 20, 1888.

" L. W. Kitzelman, contractor; A. M. Thackara, owners, and wife.

" House and Stable near Rosemont, Pa.

" Bought of Walter Bevan & Brother."

It will be observed that neither in the body of the claim, as filed, nor in the bill of particulars annexed thereto, except in the above quoted caption, is there any mention made of " stable," or any other out-building appurtenant to the dwelling-house. While the location, dimensions, etc., of the latter are minutely stated in the body of the claim, there is nothing whatever said as to the stable. The only suggestion of any out-building is in the use of the word stable, in the above caption.

It appeared that on July 15, 1887, Kitzelman contracted in writing with A. M. Thackara, husband of the other defendant, for the erection of the house on her lot, and, on November 11, 1887, a similar contract was made with said husband for the erection of the stable on same lot. The plaintiffs furnished the materials specified in the bill of particulars, on the order of the contractor, and they were used partly in the construction of the house and partly in the stable. The building of the house was commenced in July, 1887, and completed about February 11, 1888. The stable was commenced in November, 1887, and finished about February 10, 1888. The plaintiffs had no knowledge that there were separate contracts for the erection of the respective buildings, nor that they were in writing; but they knew that Kitzelman was building both the dwelling-

house and the stable. These facts are either undisputed or established by the verdict.

Under the findings of the jury, the value of the materials furnished and used in both buildings, with interest, was $999.68. They were reasonably necessary for the erection of the house and stable, and the buildings were necessary for the improvement of the wife's separate estate. The contracts were made and the materials were furnished with her knowledge and consent. The stable was appurtenant to the house, and was necessary for the convenient enjoyment of the house and lot.

One general ground of defence, in the court below was, that under the evidence there could be no recovery for any part of the materials, mainly because the contracts were with the husband alone, and Mrs. Thackara, owner of the lot, was not a party thereto. The evidence tended to show that the contracts were made with the knowledge and consent of Mrs. Thackara; that the materials were reasonably necessary for the erection of the house and stable, and that those buildings were necessary for the improvement of her separate estate; that said materials were furnished and used in the erection of both buildings, with the knowledge and assent of Mrs. Thackara, and that the stable was appurtenant to the house, and was necessary for the convenient use of the house and lot.

That evidence was properly submitted to the jury, with instructions, that unless they found the facts as above stated, their verdict must be for the defendants. The verdict in favor of the plaintiffs, therefore, establishes those facts; and, if there was nothing else in the case, the judgment thereon should be sustained. As was said in Einstein v. Jamison, 95 Pa. 403: "While courts should carefully protect married women in the enjoyment of their separate property, and not permit it to be unjustly charged with encumbrances, they should not be permitted to enhance the value of their property at the expense of innocent and confiding creditors. If the materials were furnished and used in the improvement of her property by her directions, or with her knowledge and assent, and were reasonably necessary, and there was no agreement that her property should not be liable therefor, the law will give a lien thereon for the value of the materials." To the same effect is Forrester v. Preston, 2 Pittsb. 298. In that case it was well said:

· Opinion of the Court.

" If this were the case of the erection of a building on the wife's separate estate without her authority, . . . . the building would not be liable to a lien for the materials furnished . . . . for the contractor. But the building, in this case, was not erected without the consent of the wife, under a contract made with a stranger. It was erected under a contract made with the husband, and as the facts abundantly show, with the knowledge, approbation and concurrence of the wife. It is true, the husband made the contract in his own name, but the building contracted for was, with the knowledge and concurrence of the wife, designed and erected for her; and therefore, in making the contract the husband may be regarded in law as the agent of the wife, as much so as if he had avowedly acted by her express authority." Several of the specifications of error are to the rulings and instructions of the court bearing on the defence above stated. It is unnecessary to consider them in detail. There appears to be no substantial error in either of them.

Another ground of defence was, that under the claim, as filed, the plaintiffs could not, in any event, recover more than the value of the materials shown to have been furnished for and used in the construction of the dwelling. The court was accordingly requested, in defendants' third and fourth points, to instruct the jury as matter of law : " That any materials. . . . . which were used in the construction of the stable cannot be recovered in this proceeding ; " that, in any event, the verdict " can only be for the amount and value of the materials which were actually used and applied in the construction of the dwelling-house." These points were refused pro forma, and the question of law raised by them was reserved for future consideration. The learned judge subsequently disposed of the question of law thus reserved, by refusing judgment non obstante veredicto, and entering judgment on the verdict for the amount found by the jury. This is the subject of complaint in the nineteenth and twentieth specifications.

Conceding the fact specially found by the jury, " that the stable was appurtenant to the house, and necessary for the convenient enjoyment of the house and lot ; " and further, that the plaintiffs were entitled to a joint lien against both buildings, without being required to apportion the amount between them, they should have included the stable in their claim. As

we have seen, the stable is entirely ignored in the body of the claim. It is not even referred to as an "appurtenant" to the house; nor is it anywhere stated that any part of the materials were furnished for or used in the construction of the stable. In Barclay's App., 13 Pa. 495, it was held that a claim under the mechanics' lien law must set forth the nature of the work or materials, with such a specification of the building as will exclude work done or materials supplied for anything else; and hence "a claim for work and labor done to a house (describing it) . . . . . for or about the erection and construction of the said building and *appurtenances* is not sufficiently certain." In Lauman's App., 8 Pa. 473, the claim was filed against a mansion-house, barn, wagon-house, etc., on a farm to which they were all appurtenant and intended to be occupied and used together. It was held that, under the circumstances, an apportionment of the claim among the several buildings was unnecessary.

The plaintiffs, doubtless, had a right to include the stable in their claim, but it was not sufficiently done. The mere mention of the word "stable" in the caption of the "Bill of Particulars," cannot be regarded as an inclusion of the building in the claim. Conceding that the lien against the house and ground upon which it stands, and so much other ground as is necessary for the ordinary and useful purposes of the house, embraces the entire lot of nearly two acres, and that a sale on that lien would carry the lot and all the improvements thereon, including the stable, it does not follow that the plaintiffs have a right to include, in the lien against the house, the value of the materials furnished for and used in the construction of the stable, not included in the claim as filed.

The facts found by the jury, that plaintiffs had no knowledge of the separate contracts for the erection of the respective buildings, nor that the contracts were in writing, can have no bearing in their favor. They might have known, and it was their duty to ascertain the fact. "It is the duty of one who deals with an alleged contractor to know the relation he bears to the owner; and failing in this, he furnishes material at his peril:" Brown v. Cowan, 110 Pa. 588. In Schroeder v. Galland, 134 Pa. 277, this court held that the sub-contractor is chargeable with notice of all the terms and stipulations between the original contractor and the owner.

Syllabus.

It follows, from what has been said, that the plaintiffs were not entitled to recover, in this suit, for the value of the materials furnished by them for the stable and used in the construction thereof, and that the defendants' third and fourth points for charge should have been affirmed, or else the question of law presented by those points should have been decided in favor of the defendants. The record furnishes no data by which a final judgment can now be entered, and it is therefore necessary to reverse the judgment and order a new trial.

Judgment reversed, and a venire facias de novo<br>awarded.