# Miller v. Heath, Appellant.

*Mechanic's lien—Fence—Sufficiency of claim.*

When a plaintiff attempts to include in his claim against a building, materials furnished for and used in some structure not an integral part of the building, although appurtenant to and necessary for its convenient enjoyment, the statements in the claim as filed must be in accordance with the facts. When the claim is filed against a dwelling house, the plaintiff's right to recover is not sustained by evidence that the material was furnished for the erection of a fence, outhouse or stable, not erected under the same contract, and not mentioned in the claim as filed.

A mechanic's lien was filed against two adjoining buildings and lots of ground appurtenant thereto. The only item of plaintiff's claim which was furnished within six months prior to the filing of the lien was material for a division fence between the two lots. The plaintiff knew that this material was to be used for the fence. The houses and fence were not erected under an entire contract, but the owner ordered the particular

material which she from time to time required. *Held*, that the lien could not be maintained.

Argued Oct. 22, 1902. Appeal, No. 1.38, Oct. T., 1902, by defendants, from order of C. P. No. 4, Phila. Co., Dec. T., 1893, M. L. D. 407, dismissing exceptions to report of referee in case of George D. Miller v. Ellen S. Heath, Owner or Reputed Owner, and George B. Heath, Contractor. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

: Scire facias sur mechanic's lien.

The case was referred to William Grew, Esq., who decided in favor of the plaintiff.

Exceptions to referee's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to referee's report.

   *James C. Sellers,* for appellants.—Under the Act of Assembly of June 16, 1836, P. L. 696, a mechanic's lien cannot be filed against a house for lumber sold to the owner for the purpose of being used in the construction of a picket fence bounding the rear yard of the house and actually put to that use: Barclay's App., 13 Pa. 495.; Bevan v. Thackara, 143 Pa. 182; Basch v. Sener, 1 Penny. 22; Truesdell v. Gay, 79 Mass. 311; Hill v. Bowers, 45 Kan. 592 (26 Pac. Repr. 13) ; Henry v. Plitt, 84 Mo. 237 ; Canisius v. Merrill, 65 Ill. 67 ; McDermott v. Palmer, 8 N. Y. 383 ; Clymer Paving Co. v. Weir, 3 Pa. Dist. Rep. 32; Clymer Paving Co. v. Donegan, 4 Pa. Dist. Rep. 243 ; Hommel v. Lewis, 104 Pa. 465 ; Green v. Thompson, 172 Pa. 609.

 · *James Collins Jones,* with him *T. Fernley Brooks,* for appellee.

   OPINION BY W. D. PORTER, J., March 12, 1903 :

The lien on which this scire facias issued was filed, as an apportioned claim, against " all those two adjoining and contiguous two-story frame buildings or dwelling houses, with frame back building thereto attached (each house having six rooms

and a porch in front and containing in front 12 feet and in depth 35 feet) and lot or piece of ground and curtilage appurtenant thereto, situate on the westerly side of Erwig avenue at the distance of 100 feet southwardly from 88th street in Elmwood, 27th ward of the city of Philadelphia." The proceedings upon the scire facias raised issues which were by an agreement in writing submitted to a referee, under the provisions of the act of May 14, 1874. The last item of the claim was for material furnished on June 8, 1893, with regard to which the referee found as a fact that the material was ordered from the plaintiff by the owner of the land to be used for a division fence between the two lots; that at the time the order was given this was so stated to the plaintiff, who with that knowledge delivered the material, which was used in erecting the fence. This was the only item of plaintiff's claim which was furnished within six months prior to the filing of his lien, and unless his right to recover for this item, under the lien as filed, can be sustained, the whole proceeding must fall. This was not a case where materials are furnished for the construction of a building, and on its credit, and never used, or used for some other purpose without the knowledge of the material-man, and that class of cases of which Presbyterian Church v. Allison, 10 Pa. 413, is an example do not determine the question. The plaintiff knew that he was furnishing materials to be used in the erection of a fence, and not for the construction of a building. The houses and fence were not erected under an entire contract. The owner ordered of the plaintiff the particular materials which she from time to time required. The transaction involving the material for the erection of the fence was not so connected with the dealings involving the material for the construction of the building as to constitute one transaction. Had the lien been filed against the building and appurtenance, without designating the character of that appurtenance, and at the same time failed to show that the material was used in the building, it must have been held bad upon objection; Barclay's Appeal, 13 Pa. 495. The fence may have been reasonably necessary to a proper use of the building, and had the lien for the materials which actually went into the building been properly filed, a sale under it might have carried title to the entire lot and all the fences, but it does

not follow that the plaintiff has a right to include, in the lien against the house, the value of the materials furnished for and used in the construction of the fence, without stating in the lien as filed the facts upon which that item of his claim was based. When a plaintiff attempts to include in his claim against a building materials furnished for and used in some structure not an integral part of the building, although appurtenant to and necessary for its convenient enjoyment, the statements in the claim as filed must be in accordance with the facts. When the claim is filed against a dwelling house, the plaintiff's right to recover is not sustained by evidence that the material was furnished for the erection of a fence, outhouse or stable, not erected under the same contract and not mentioned in the claim as filed: Bevan v. Thackara, 143 Pa. 182. This lien was filed under the act of 1836, and it is not necessary to decide whether that statute gave a lien for fencing, the plaintiff having failed to properly assert a right to such a lien in his claim as filed. The fence enclosing a lot is not an integral part of the dwelling house thereon erected, and as the work in this case was not done under an entire contract, and the plaintiff had full knowledge of the proposed destination of his material, the right to a lien for the fence not having been properly asserted, and as to the other items the claim having been filed too late, the plaintiff was not entitled to recover: Yearsley v. Flanigen, 22 Pa. 489.

The judgment is reversed and judgment is now entered in favor of the defendants.