## Odenheimer v. Linaberry

*Richard H. Rauch*, for plaintiff.
*Milton Lowy*, for defendants.

KOCH, J., May 2, 1961.—The complaint in assumpsit in this proceeding avers that defendants are husband and wife and reside together. On November 24, 1958, wife-defendant acquired title to two tracts of real estate situate in South Whitehall Township. It is also averred that on or about June 16, 1959, husband-defendant, while the marriage between himself and his wife still subsisted, and while she was the owner of the two tracts of real estate, orally requested plaintiff to drill wells and furnish certain materials on each of the premises. The complaint sets forth that the work was done and the various materials furnished "with the knowledge, approbation and concurrence of Dorothy M. Linaberry, the defendant."

Wife-defendant has filed preliminary objections in the nature of a demurrer. She maintains that plaintiff has failed to set forth a cause of action as to her.

It is obvious that if liability is to be imposed upon the wife, it must be based upon the theory that her husband, in contracting with plaintiff for the improvement of the real estate, did so as an agent for his spouse.

We must start with the basic principle that no authority of the husband to act as agent for his wife in relation to her separate property may be implied merely from the marital status: 18 P. L. Encyc., Husband and Wife, §66; Yezbak v. Croce, 370 Pa. 263. However, the relationship is of such a nature that circumstances which in the case of strangers would not indicate the creation of authority or apparent authority may indicate it in the case of husband or wife: Restatement of Agency, §22, Comment b, cited with approval in Sidle v. Kaufman, 345 Pa. 549. Were we to sustain the preliminary objections, plaintiff would be denied, for example, the right to prove that the husband was permitted habitually by his wife

to attend to some of her business matters: C. F. Yezbak v. Croce, supra.

It may well be that plaintiff will encounter difficulty in establishing his agency theory at trial, but we are of the opinion that the complaint, by averring "knowledge, approbation and concurrence" is sufficient to set forth a cause of action. As was said in Bevan v. Thackara, 143 Pa. 182, 198:

" 'While courts should carefully protect married women in the enjoyment of their separate property, and not permit it to be unjustly charged with encumbrances, they should not be permitted to enhance the value of their property at the expense of innocent and confiding creditors. . .' "

In overruling defendant's preliminary objections, we also base our action upon the well-established policy against the entry of a summary judgment on demurrer, and the rule that any doubt as to the propriety of entering a summary judgment should be resolved against its entry: 2 Anderson Pa. Civ. Pract. §1017.61, p. 533.

### Order

Now, May 2, 1961, defendants' preliminary objections by way of demurrer are overruled and dismissed, and defendants are ordered to file an answer on the merits within 20 days after service of this order on their counsel.